UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DANIAL L. LAFLEUR** | : | **CIVIL ACTION NO. 16-134** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **DAVID SANDIFERS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the civil rights complaint filed by *pro se* plaintiff Danial LaFleur ("LaFleur"), an inmate in the custody of Louisiana's Department of Public Safety and Corrections.

On February 3, 2016, this court issued a Memorandum Order advising LaFleur that his pleadings were not in the proper form. Doc. 3. The court provided proper forms and gave plaintiff thirty (30) days to amend his pleadings. *Id.* The order cautioned plaintiff that failure to amend the pleadings would result in the "complaint being stricken from the record." *Id.* On March 2, 2016 the court received a letter from LaFleur advising that he was not trying to file suit. Doc. 6. As of this date LaFleur has not corrected the deficiencies in his complaint.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. LaFleur has failed to comply with an order of this court.

Therefore,

**IT IS RECOMMENDED** that LaFleur's civil rights complaint be **DISMISSED** in accordance with the provisions of Federal Rule of Civil Procedure 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of July, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE